**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DANIEL JESUS ORENCE REYES,
a/k/a DANIEL ORENCE JESUS REYES,

Petitioner,

v.

Case No. 1:26-cv-03655-MIS-JFR

WARDEN, in his official capacity as Warden of Torrance County Detention Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**THIS MATTER** is before the Court on Petitioner Daniel Orence Jesus Reyes's[1] Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed October 29, 2026. The federal Respondents filed a Response on November 17, 2026.[2] ECF No. 7. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

---

[1] In the Petition, Petitioner identifies his name as Daniel Orence Jesus Reyes. Many of the records submitted to the Court and the Executive Office for Immigration Review's ("EOIR") website show his name to be Daniel Jesus Orence Reyes. See generally ECF; EOIR. The Court directs the Clerk's Office to correct the docket to reflect Petitioner's surname to be Orence Reyes, his given name to be Daniel, and his middle name to be Jesus.

[2] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Background

Petitioner is a citizen of Venezuela who entered the United States without admission or parole near El Paso, Texas on or about December 30, 2023. Notice to Appear ("NTA"), Pet. at Ex. C. Shortly thereafter he was detained and on January 5, 2024, pursuant to Section 236 of the Immigration and Nationality Act ("INA"), Petitioner was released on his own recognizance. Notice of Custody Determination ("NCD"), Pet. at Ex. D; Order of Release on Recognizance ("OROR"), Pet. at Ex. E. Since being released, Petitioner obtained Employment Authorization valid through June 25, 2030, Employment Authorization, Pet. at Ex. F, and a valid driver's license, Pet. at Ex. G. On September 4, 2024, he filed a timely claim for asylum. Pet. at Ex. H. Petitioner has stable housing and a local community network. Pet. at ¶¶ 15, 17, Exs. J-O. He has no criminal history and has not missed any immigration appointments. Form I-213, ECF No. 7-1; Pet. Jesus Reyes Decl. at ¶ 14.

Nevertheless, on or about October 14, 2026, United States Immigration and Customs Enforcement ("ICE") agents detained Petitioner while he was travelling in another person's vehicle. Pet. at ¶¶ 8-11. The ICE agents did not provide Petitioner with an arrest warrant or notice that his OROR had been revoked. Id. at ¶ 12. As of the date of this Order, Petitioner has not been provided with any documentation to establish that the OROR had been revoked. Id. at ¶ 36; see also OROR, Pet. at Ex E; ECF No. 7-1 at 4. Instead, Petitioner has been detained ever since and is currently detained at to the Torrance County Detention Facility in Estancia, New Mexico. Pet. at ¶¶ 1, 6.

On October 23, 2026, an Immigration Judge held a bond hearing. Order of the Immigr. Judge, ECF No. 7-1 at 8. The Immigration Judge did not revoke Petitioner's OROR. Id. Nor did the Immigration Judge find that Petitioner had violated any of the terms of the OROR. Id. In

addition, the Immigration Judge did not find any circumstance under which Petitioner's OROR had been granted to have changed. Id. Instead, the Immigration Judge found Petitioner to be a "flight risk," stating only "Manner of entry, speculative form of relief, no family ties who are United States citizens, non-viable sponsor (non-relative)", without further explanation. Id.

On October 19, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 13. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief." Id. In addition, the Court directed Respondents, if they opposed the Petition, to "specify details surrounding the bond hearing and provide documents relevant to the Immigration Judge's decision." Id.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

In the Petition, Petitioner argues that his detention violates the INA, 8 U.S.C. §§ 1226(a) and 1357(a)(2), and that the previously issued OROR was not properly revoked, which violates his Fifth Amendment due process rights. Pet. at ¶¶ 28-40. Respondents argue only that 8 U.S.C. § 1226(e) serves as a jurisdictional bar that precludes the Court from reviewing the Immigration Judge's decision. Resp. at 2-3. Respondents make no argument that Petitioner's bond hearing was constitutionally adequate or that his OROR was properly revoked. Similarly, Respondents do not address Petitioner's claim that his detention without a pre-deprivation process regarding the revocation of his OROR violated his due process rights. See generally Resp. Instead, they assert only that having had a bond hearing, Petitioner has received all the process he is due. Id. at 3-4.

Initially, the Court reminds Respondents, as it has done previously, that while it does not have jurisdiction to review discretionary bond decisions under § 1226(e), the Court has jurisdiction to review constitutional challenges to bond decisions, Dong v. Mullin, No. 1:26-CV-01818-MIS-LF, 2026 WL 1959357, at *1 (D.N.M. July 7, 2026); Grant-Davis v. Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026). The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976). To comport with due process—that is, to be meaningful—a noncitizen's bond determination must be an individualized determination based on the actual circumstances of the noncitizen. See Dong, 2026 WL 1959357, at *1. The Court finds the constitutional adequacy of Petitioner's bond hearing deficient given that the Immigration Judge rested his determination on categorical determinations and not individualized facts specific to Petitioner. See Duong v. Mullin, __ F. Supp. 3d __, No. 2:26-CV-03009-MIS-JFR, 2026 WL 3030939, at *2-3 (D.N.M. Oct. 9, 2026) (holding that bond hearing resting on blanket categories

and not individualized facts specific to a petitioner is constitutionally inadequate). Furthermore, the Immigration Judge's reliance on blanket categories and not individualized facts is also problematic given the Government's previous position in the OROR – namely that Petitioner was not a flight risk – and the Immigration Judge's failure to identify specific individualized facts that show that circumstances had changed since the January 5, 2024, decision to release Petitioner on an OROR. See Order of the Immigr. Judge, ECF No. 7-1 at 8. The Court also finds that Respondents have waived this issue by failing to defend the bond hearing's constitutional adequacy. Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss).

Furthermore, the Court finds Petitioner's argument that detaining him prior to providing any process to revoke the OROR violates his Fifth Amendment rights persuasive. Although an order releasing a noncitizen can be revoked, the INA sets forth a process for doing so, stating in 8 C.F.R. § 1236.1(c)(9) that:

> When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign), in which event the alien may be taken into physical custody and detained. If detained, unless a breach has occurred, any outstanding bond shall be revoked and canceled.

There is no evidence such discretion was exercised. See generally Resp.; OROR, ECF No. 7-1 at 4. Courts in this circuit have regularly found that it violates the Fifth Amendment to detain a noncitizen, previously released on an Order of Recognizance, without any pre-deprivation

process to establish that the Order had been or would be revoked. See Yucra v. Baltazar, No. 26-CV-03332-PAB, 2026 WL 2247748, at *2 (D. Colo. Aug. 4, 2026) (examining Matthews factors); Ekenge v. Baltazar, No. 1:26-CV-00630-SBP, 2026 WL 617341, at *5-6 (D. Colo. Mar. 5, 2026) (same); Singh v. Carnes, No. 1:26-CV-00235-DHU-GJF, 2026 WL 599138, at *4 (D.N.M. Mar. 3, 2026) (same); Singh v. Baltazar, 819 F. Supp. 3d 1247, 1250 (D. Colo. 2026) (same); see also Lopez Cruz v. Blanche, No. CIV-26-806-R, 2026 WL 1834408, at *4 (W.D. Okla. June 25, 2026), report and recommendation adopted, No. CIV-26-806-R, 2026 WL 2023591 (W.D. Okla. July 13, 2026) (finding that revocation of Order of Release without exercise of discretion to cancel it violated INA).

The Court notes that each of these decisions rely both on the fact that the Government had previously determined that the noncitizen was not a flight risk and on the fact that the Government offered no evidence to establish that circumstances had changed since the Government initially determined the noncitizens were not flight risks. Yucra, 2026 WL 2247748, at *2; Ekenge, 2026 WL 617341, at *5; Singh, 2026 WL 599138, at *4; Singh v, 819 F. Supp. 3d at 1250. That is precisely the case here.

The Court recognizes that, unlike the cases cited supra, Respondents provided Petitioner a post-deprivation bond hearing. However, the Court finds that distinction immaterial. The cited cases each found that a post-deprivation bond hearing could not cure the due process violation, particularly since the Government offered no evidence in response to the habeas petition that circumstances had changed between the noncitizen's initial release and the Government's subsequent detention of the noncitizen. See Yucra, 2026 WL 2247748, at *2; Ekenge, 2026 WL 617341, at *5; Singh, 2026 WL 599138, at *4; Singh, 819 F. Supp. 3d at 1250. Other courts have held that in such circumstances a post-deprivation bond hearing could not cure the constitutional

violation. See Domingo v. Kaiser, No. 25-CV-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention."); Jorge M.F. v. Jennings, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) (rejecting argument that post-deprivation bond hearing could cure the due process violation where a noncitizen released on bond because he was neither a flight risk nor a danger to the community was later detained without pre-deprivation process as it "misapprehend the purpose of a pre-detention hearing: if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"). Moreover, as noted supra, at the post-deprivation bond hearing, the Immigration Judge did not point to any circumstances that had changed since the Government had issued the OROR on January 5, 2024, or any discretionary decision to revoke the OROR and so the bond hearing itself did not cure the defect. See Order of the Immigr. Judge, ECF No. 7-1 at 8.

The Court hereby adopts the reasoning set forth in Yucra and finds that the detention of noncitizen without any pre-deprivation process or evidence to establish the revocation of an OROR violates the noncitizen's Fifth Amendment due process rights. 2026 WL 2247748, at *2. Accordingly, the Court finds that Petitioner was released on an OROR on or about January 5, 2024, lived peaceably within the United States for nearly three years after such release, complying with the terms of the OROR, and was detained on or about October 14, 2026 without any pre-deprivation process to revoke the OROR or to establish that circumstances surrounding his release on the OROR had changed. Even now in response to this Petition, Respondents make no assertion that any fact since Petitioner's release on an OROR has changed or that his OROR was legally revoked. Again, as with Respondents' failure to assert the bond determination was constitutionally

adequate, their failure to respond to Petitioner's claim that the OROR was illegally revoked constitutes waiver and a concession that his detention without a pre-deprivation process to revoke the OROR violates his Fifth Amendment rights. Alfaro Herrera, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026); see also C1.G on behalf of C.G., 38 F.4th at 1282.

Given Respondents' failure to offer even an iota of evidence that circumstances have changed since Petitioner was released on an OROR on January 5, 2024, or some other legitimate interest in Petitioner's continued detention, the Court therefore finds that immediate release is the appropriate remedy.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Daniel Jesus Orence Reyes from custody/detention, subject to reasonable conditions of supervision no more onerous than those in the 2024 Order of Release on Recognizance;

3. Respondents shall return all of Petitioner's seized property to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner absent (1) a pre-deprivation hearing before a neutral tribunal at which the Government bears the burden of justifying his re-detention by clear and convincing evidence and legally revokes Petitioner's Order of Release on Recognizance, or (2) a final Order of Removal; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE